175 So.2d 570 (1965)
DORAL COUNTRY CLUB, INC., a Florida corporation, and Herman Kaskel, Appellants,
v.
LINDGREN PLUMBING COMPANY, Inc., a Florida corporation, Appellee.
No. 64-667.
District Court of Appeal of Florida. Third District.
May 25, 1965.
Rehearing Denied June 15, 1965.
*571 Meyer, Weiss, Rose & Arkin, Miami Beach, and Sam Daniels, Miami, for appellants.
Hyzer, Knight & Lund, Miami, for appellee.
Before CARROLL, HENDRY and SWANN, JJ.
HENDRY, Judge.
This is an appeal by defendant, and a cross-appeal by plaintiff from a final judgment in an action for conversion. Defendant-appellant seeks either reduction of the compensatory damages awarded by the jury or a new trial on the question of damages. Plaintiff, by cross-appeal seeks reversal of the trial judge's order granting defendant's motion for a directed verdict on the issue of punitive damages.
There is no controversy as to the propriety of the trial court's directing a verdict in plaintiff's favor as to liability.
Thus, the issues for our determination are:
"1. Whether the judgment for $20,186.20 compensatory damages is supported by the record, and,
"2. Whether the trial court;
"(a) should have directed a verdict for the plaintiff on the issue of punitive damages, or
"(b) should have submitted the issue of punitive damages for jury determination, or,
"(c) correctly directed a verdict on the issue of punitive damages in favor of the defendant."
Dealing first with the question concerning compensatory damages, our review of the record compels a conclusion that the evidence is insufficient in law to support a verdict in excess of $8,488.51. That sum represents the proved market value of the property shown to have been converted as of the time and place of the conversion.[1]
We do not decide whether or not the special damages claimed by plaintiff could have been assessed. However, assuming arguendo that such damages could have been recovered, plaintiff's proof did not meet the legal requirements established for recovery of same.[2]
Turning to the question of punitive damages, we find the Florida rule to be that punitive damages are allowable where the circumstances surrounding the conversion are such as to show fraud, actual malice, deliberate violence or oppression, or such gross negligence as to indicate a wanton disregard of the rights of others. It is said that where the wrong partakes of a criminal character punitive damages may be allowed.[3] If there is any evidence tending to show that punitive damages could be properly inflicted, even if the court be of the opinion that the preponderance of the evidence is the other way, the court should leave the question to the jury.[4]
In the instant case there was ample proof of circumstances of aggravation attending the conversion to have required submission of the question of punitive damages to the jury.[5] Therefore, we reverse the order granting a directed verdict in favor of defendant on the issue of punitive damages and remand the cause to the trial *572 court with directions to submit the issue to a jury.
With regard to compensatory damages, the judgment is reversed and the cause remanded, with directions to enter a judgment in accordance with the proof, so that the judgment as of the date it was originally entered will be in the amount of $8,448.51, together with interest from that date, and as modified and entered, the judgment for compensatory damages will stand affirmed.
Affirmed in part, reversed in part with directions.
CARROLL, Judge (concurring in part and dissenting in part).
I concur in the majority decision except on the matter of punitive damages. In my opinion the facts disclosed were insufficient upon which to predicate punitive damages, and the trial judge was eminently correct in so holding.
NOTES
[1] Klein v. Newburger, Loeb & Co., Fla. App. 1963, 151 So.2d 879.
[2] New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856 (1936).
[3] Goodrich v. Malowney, Fla.App. 1963, 157 So.2d 829; General Finance Corp. of Jacksonville, Inc. v. Sexton, Fla.App. 1963, 155 So.2d 159.
[4] Florida Cent. & T.R. Co. v. Mooney, 45 Fla. 286, 33 So. 1010 (1903).
[5] See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936).