McNULTY, Judge.
This appeal is brought by Shirley Mills, plaintiff below, from an order granting a partial summary judgment eliminating her claim for punitive damages in her negligence action against appellee, Cone Brothers Contracting Company. We agree with appellant’s contention that there was a jury question as to liability for punitive damages and, therefore, must reverse.
The rule with regard to summary judgments concerning punitive damages is no different than that in other summary judgment cases. As has been stated by our sister court in the third district:[1]
“If there is any evidence tending to show that punitive damages could be properly inflicted, even if the court be of the opinion that the preponderance of the evidence is the other way, the court should leave the question to the jury.”
*740 Viewing- the record then in the light most favorable to plaintiff-appellant, as we must, we find that there was evidence that appellee’s employee, who had finished a working day, parked a heavy road-paving machine for the night in the east-bound lane of a two-lane street, where parking was prohibited. The plaintiff ran into it that night. There was further evidence that the equipment took up the whole eastbound lane, being approximately 11 feet 8 inches wide while the whole width of the two-lane street was 20 to 24 feet. The machine was dark green and there was testimony that it was totally non-reflective as to any source of light and could not be seen in the headlights of an automobile until a few feet from it. Furthermore, appel-lee’s employees did not set out any signaling or other warning devices to indicate the presence of the machine. Other evidence indicated that there was a safe off-street site for parking available to appellee within the immediate area.
Appellee points out that the degree of negligence necessary to support an award of punitive damages must be the same as would support a conviction of manslaughter (assuming a death) under the “culpable negligence” statute.[2] We agree and, indeed, believe that the prima facie showing made here would withstand a directed verdict if this were a manslaughter case.[3] Culpable negligence, under such a charge, has been more specifically defined as being of :[4]
“. . . a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.”
Applying the foregoing definition, how can we say as a matter of law that the conduct of appellee’s employees herein did not evince a “reckless disregard of human life” or did not display that “want of care which would raise the presumption of a conscious indifference to consequences” or constituted “a grossly careless disregard of the safety and welfare of the public . equivalent to an intentional violation of [their rights]”? Evidence of contrary inferences, of course, is the very thing which raises a jury question; but prima facie a jury could find culpable negligence. Summary judgment denying punitive damages was improper.
Reversed and remanded for proceedings not inconsistent herewith.
PIERCE, C. J., and HOBSON, J., concur.

. Doral Country Club, Inc. v. Lindgren Plumbing Co. (Fla.App.1965), 175 So.2d 570, 571. Cf., Buie v. Barnett First National Bank, Fla., 266 So.2.d 657, 1972.

. See, e. g., Carraway v. Revell (Fla.1959), 116 So.2d 16; Glaab v. Caudill (Fla.App.1970), 236 So.2d 180; and Baynard v. Liberman (Fla.App.1962), 139 So.2d 485.

. Although the two manslaughter cases which we have found dealing with parking a vehicle on the side of a road are both reversals, it was emphasized in both cases that the defendant’s vehicles were disabled causing them to pull off the side of the road as far as they were able and, further, that the defendants did everything that a reasonably prudent and cautious man would have done under the circumstances. Thompson v. State (1933), 108 Fla. 370, 146 So. 201, and Austin v. State (1931), 101 Fla. 990, 132 So. 491. In the former case it was pointed out that “ . . . this court does not mean to imply that it holds the rule to be that, under the laws of this state, in no instance can a man be convicted of manslaughter who, in disregard of the lives of travelers on the highway, deliberately leaves an unlighted parked truck on the highway as an obstruction to travel, against which passing cars may reasonably be expected to collide in the nighttime so as to produce probable fatalities.”

. Cannon v. State (1926), 91 Fla. 214, 107 So. 360, 363.