520 So.2d 624 (1988)
Joel P. TAYLOR, Jr., Appellant,
v.
GUNTER TRUCKING CO., INC., and Tyrone Alex Peoples, Appellees.
No. BO-239.
District Court of Appeal of Florida, First District.
February 4, 1988.
Rehearing Denied March 16, 1988.
Ferrin C. Campbell, Sr., Crestview, for appellant.
T. Harrison Duke, of Bell, Hahn & Schuster, Pensacola, for appellees.
THOMPSON, Judge.
This is an appeal from a partial summary final judgment in favor of the defendants on plaintiff's claim for punitive damages. We affirm.
The appellant contends the trial court erred in granting a summary final judgment in favor of both defendants on his claim for punitive damages. With respect to both the corporate and individual defendants, the trial judge correctly entered summary judgment on the plaintiff's punitive damage claim because there is insufficient evidence to support an award of punitive damages to the plaintiff. Whether the facts of a particular case will bring the case within the rule allowing punitive damages is for the court, and only when there is evidence that punitive damages could properly be awarded must the issue be sent to the jury. The following decisions of the Florida Supreme Court support the trial judge's entry of a summary judgment in favor of the defendants on the punitive damage claim. Como Oil Co., Inc. v. O'Loughlin, 466 So.2d 1061 (Fla. 1985); White Construction, Co., Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984); Carraway v. Revell, 116 So.2d 16 (Fla. 1959); and Thompson v. State, 146 So. 201 (Fla. 1933).
In Thompson the court reversed a manslaughter conviction. Thompson had a flat tire and parked his truck in his lane of travel on a two-lane highway at night without lights. In order to avoid colliding with Thompson's truck, another vehicle was required to swerve into the opposite lane, where it collided with a third vehicle, resulting in two deaths. Although Thompson had a flat tire, there was no evidence why his truck could not have been pulled off of *625 the road onto the shoulder, leaving both lanes of the highway clear. In the instant case, instead of a two-lane highway with traffic totally blocked in one direction, there was another traffic lane, as well as a turn lane, in which vehicles could proceed safely avoiding both the parked truck and oncoming vehicles. The evidence in this case shows that at least two vehicles traveling in the right lane in which the truck was parked had safely avoided the truck and were not required to move into the oncoming lane. In addition, in the instant case the truck was in a 35 mile per hour speed zone in an urban area, and not on a highway with higher speed limits.
With respect to corporate defendant Gunter Trucking Co., Inc., there is not one iota of evidence in the record that there was any negligence or fault on the part of the corporate defendant and "in the absence of some fault on the part of the corporate employer, it is not punitively liable for the willful and wanton misconduct of its employees." Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 547 (Fla. 1981). Furthermore, the facts in this case do not bring it within the exception to the Mercury Motors rule. The only evidence in the record regarding the relationship of the defendant Peoples to the defendant Gunter is that he was a truck driver, a mere employee. There is no evidence that he was president, primary owner, managing agent of the corporation or that he held any other position with the corporation which might result in his acts being deemed the acts of the corporation.
Accordingly, the partial summary final judgment in favor of the defendants/appellees is AFFIRMED.
BARFIELD, J., concurs.
ZEHMER, J., dissents.
ZEHMER, Judge (dissenting).
This is an appeal from a summary judgment for both defendants on the plaintiff's claim for punitive damages. As we are reviewing an order granting summary judgment, the sole issue is whether the jury is precluded from finding, as a matter of law under any permissible view of the evidence, that the defendants' conduct was willful or wanton, or evinced a reckless disregard for human life and safety amounting to total indifference to the rights of others, and thus does not present a jury issue on punitive damages under the legal standards recognized in White Construction Co., Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984); Carraway v. Revell, 116 So.2d 16 (Fla. 1959); and Mills v. Cone Bros. Contracting Co., 265 So.2d 739 (Fla. 2d DCA 1972).
The record demonstrates the following facts for purposes of this motion for summary judgment, drawing all inferences most favorably for appellant. Joel Taylor was injured when he drove his father's pickup truck into the rear end of the corporate defendant's truck, which was parked in a traffic lane of Highway 85. The accident occurred inside the Crestview city limits at approximately 6:15 P.M. on November 10, 1982. At the time of the accident the highway at this point had four lanes for traffic and a fifth "turn lane" in the center. The outside (right-hand) southbound lane was a traffic lane in which parking was prohibited by law. The speed limit was 35 miles per hour. Defendant Peoples was driving a truck owned by defendant Gunter Trucking and had deliberately parked it in this right-hand traffic lane while he went to purchase some food at a restaurant across the highway. There was an open-for-business service station immediately north of the place the truck was parked and its lights were on, but the lights of open businesses in the vicinity did not illuminate the parked truck. No hills or curves that would prevent the plaintiff from seeing the parked truck were at this location. When Peoples parked the truck and left it in the highway, he did not turn on any of the truck's lights that would be visible to those approaching the truck. The rear of the truck was dark and non-reflective, and the truck was the same or similar color as a stand of woods just beyond and thus blended with the woods, making it difficult for one to see the truck. At least two other drivers failed to see the parked truck until *626 the last second and had to swerve suddenly to avoid colliding with it.
The record is silent as to whether Gunter Trucking had set any policy or issued any instructions to its drivers, including Peoples, directing that its trucks should not be parked in traffic lanes absent an emergency or disability that precluded the driver from moving and stopping the truck off the highway, and for aught that appears in this record, Gunter Trucking may well have implicitly sanctioned the practice followed by Peoples in this instance. There is nothing of record to show that Peoples' conduct in parking the truck on the highway was not in fact consistent with his instructions from the trucking company or practices approved by the company.
Whether the facts of a particular case are legally sufficient to warrant submitting the punitive damages issue to the jury is for the court to decide, much as it would decide other issues of liability on motion for directed verdict; but where the evidence is sufficient to support a finding of conduct amounting to wanton and reckless disregard of the rights and safety of others in violation of the standards of culpable negligence set forth in the decisions cited above, the punitive damages issue must be submitted to the jury. E.g., Doral Country Club, Inc. v. Lindgren Plumbing Co., 175 So.2d 570 (Fla. 3d DCA 1965), cert. denied, 179 So.2d 212 (Fla. 1965). It is always for the jury, not the court, to decide whether punitive damages should be awarded once the legal threshhold has been proven by the evidence. Certainly the punitive damages issue must always go to the jury when the degree of negligent conduct permissibly inferrable from the evidence would support a conviction for manslaughter. Carraway v. Revell, 116 So.2d 16; Mills v. Cone Bros. Contracting Co., 265 So.2d 739.
Appellant contends that had young Joel been killed in this accident, the defendant driver's conduct as described above would have supported his conviction for manslaughter. I agree, and for that reason the court below erred in granting summary judgment for the defendants on the punitive damages issue. Mills v. Cone Bros. Contracting Co., 265 So.2d 739. Cf. Thompson v. State, 108 Fla. 370, 146 So. 201 (1933); Austin v. State, 101 Fla. 990, 132 So. 491 (1931).
In Mills v. Cone Brothers the court reversed a partial summary judgment for the defendant on the issue of punitive damages. The record established that the plaintiff drove her vehicle at night into a dark green heavy road paving machine that defendant's employee had left in a lane where parking was prohibited, without setting out any signaling or other warning device to indicate the presence of the machine in the lane of travel. I reject the argument that Mills is distinguishable because the roadway in that case had only two lanes for traffic, one for each direction of travel, while the instant roadway was four-laned, with two lanes in each direction. The crux of the wanton negligence charged against the instant defendants, as well as the defendant in Mills, lies in the fact that the truck was deliberately parked in a traffic lane where it should not have been parked, contrary to traffic regulations,[1] and under circumstances that made it difficult to see without leaving any emergency flasher or other lights on, or taking other precautions such as placing lanterns or reflective devices to warn approaching motorists that the lane of travel was blocked.[2] Because the defendants have not shown that the vehicle was so parked due to an emergency or the disability of the vehicle, that vehicle lights were not turned on because they were disabled, or that the driver took even minimal steps to warn approaching drivers of the imminent danger, this case clearly satisfies the legal test set forth *627 in Thompson v. State and Austin v. State to sustain a conviction of manslaughter.
The decisions in Como Oil Co., Inc. v. O'Loughlin, 466 So.2d 1061 (Fla. 1985), and Ten Associates v. Brunson, 492 So.2d 1149 (Fla. 3d DCA 1986), rev. denied, 501 So.2d 1281 (Fla. 1986), are cited by appellees and the majority opinion as authority supporting the legal insufficiency of the evidence to warrant punitive damages in this case. But those cases are obviously distinguishable because neither Como nor Ten Associates involved a deliberate act in direct violation of law that created an obvious and imminent danger of serious injury to the traveling public. Yet that is precisely what defendant Peoples did in this case by deliberately parking his vehicle without taking any precautions to alert others that the travel lane was blocked, in clear violation of the law. It is difficult to imagine conduct that could be more willful and wanton.
The majority also finds no basis of liability on the part of Gunter Trucking for punitive damages under Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), saying that "there is not one iota of evidence in the record that there was any negligence or fault on the part of the corporate defendant." Supra at p. 625. But on motion for summary judgment it is the burden of the movant to conclusively establish that the nonmoving party cannot prove any basis under the allegations of the complaint and evidence that the corporate defendant was guilty of any fault or wrongdoing. Gunter Trucking did not adduce any proof in support of its motion for summary judgment that it had trained or issued instructions to its drivers concerning safe practices and not engaging in the obviously dangerous practice here involved, which proof would preclude a finding of guilty of negligent failure to supervise its employees in the carrying out of their assigned duties. Since the present state of the record does not demonstrate as a matter of law that plaintiff could not prove negligent supervision, I cannot join with the majority in the conclusion that Gunter Trucking must be held absolutely free of any fault.
I would reverse and remand for further proceedings.
NOTES
[1] Parking a non-disabled vehicle in a traffic lane of a state highway purely as a matter of personal convenience is not only contrary to common sense, but prohibited by the state's uniform traffic control law. See §§ 316.194 and 316.1945, Fla. Stat. (1985).
[2] Such precautions are mandated by the state uniform traffic control law. See § 316.301, Fla. Stat. (1985).