PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish as additions to Florida Standard Jury Instructions (Civil) the following: (1) an addition to instruction 1.1 (Preliminary Instruction) for use in all cases in which the issues are bifurcated for trial; and (2) a new instruction entitled “PD, Punitive Damages,” including a model verdict form for use in bifurcated punitive damages cases and a model verdict form for use in nonbifurcated punitive damages cases.
The Committee offers these instructions and verdict forms in response to this Court’s decision in W.R. Grace & Co. v. Waters, 638 So.2d 502, 506 (Fla.1994), in which we held that upon timely motion, trial courts should bifurcate the determination of the amount of punitive damages from the remaining issues at trial. The first addition shall be inserted at 1.1, page 2, immediately before the section entitled “Things to be avoided.” The second addition is a comprehensive revision to the present punitive damage instruction, “6.12— Punitive Damages,” and that instruction shall be deleted in light of these proposed instructions. The new instruction shall be contained in a separate section of the standard jury instructions entitled “Punitive Damages.”
The proposed instructions were published in The Florida Bar News on February 1, 1996, and comments were solicited. The committee considered the submitted comments, made final revisions to the instructions, and sent copies of the final version of the instructions to all those who submitted comments. The instructions were again published in The Florida Bar News on August 15, 1996, and comments were again solicited. Thereafter, this Court heard oral argument on the proposed instructions.
The primary concern raised at oral argument was that the proposed instructions would allow a party in the second stage of a bifurcated proceeding to relitigate the question decided in the first stage of whether the jury should assess punitive damages. The phrase focused upon is in PD la.(l), the introductory instruction given at the first stage of the bifurcated proceeding, which states that during the second stage of the *1043 proceeding, the parties may present evidence and argument after which the jury will decide “whether in your [the jury’s] discretion punitive damages will be assessed.” There is a similar phrase in PD lb.(l), the opening instruction of the second stage of the bifurcated proceeding, which states: “The parties may now present additional evidence related to whether punitive damages should be assessed.” In order to clarify any confusion concerning this repetition, we add the following statement as subparagraph (9) to the “Notes on Use to PD 1”:
The purpose of the instructions is not to allow parties to relitigate in the second stage of the bifurcated proceeding, by new evidence or by argument, the underlying question decided in the first stage of the proceeding of whether an award of punitive damages is warranted. Rather, the purpose of the instructions is to advise the jury that in the second stage of the proceeding, evidence may be presented and argued which will allow the jury in its discretion to determine the amount of an award of punitive damages and that the amount which the jury determines appropriate could be none.
See W.R. Grace at 506 (finding that a defendant may introduce evidence of previous punitive damages awards in mitigation); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Joab, Inc. v. Thrall, 245 So.2d 291 (Fla. 3d DCA 1971).
We commend the Committee for its diligence and thoroughness, and we authorize the publication and use of these instructions. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions. The new instructions are appended to this opinion and will be effective on the date this opinion is filed.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

1.1
PRELIMINARY INSTRUCTION

Bifurcated proceedings

[The presentation of evidence and your deliberations may occur in two stages. The second stage, if necessary, will occur immediately after the first stage.] *
* Refer to Notes on use of 1.1
3. The bracketed language may be used in any case where issues are bifurcated for trial. For instance, see W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994).
PD
PUNITIVE DAMAGES
PD 1 Punitive Damages — Bifurcated Procedure

a. First stage of bifurcated punitive damages procedure

(1) Introduction

(2) Punitive damages generally

(3) Direct liability for acts of managing agent, primary owner, or certain others (!) Vicarious liability for acts of employee

b. Second stage of bifurcated punitive damages procedure

(1) Opening instruction second stage

(2) Punitive damages — determination of amount

(3) Closing instruction second stage

PD 2 Punitive Damages — Non-Bifurcated Procedure

a. Punitive damages generally

b. Direct liability for acts of managing agent, primary owner, or certain others

c. Vicarious liability for acts of employee

d. Punitive damages — determination of amount
PD
PUNITIVE DAMAGES
PD 1 Punitive Damages — Bifurcated Procedure:

*1044
a. First stage of bifurcated punitive damages procedure:

(1) Introduction:

If you find for (claimant) and against defendant (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.
The trial of the punitive damages issue is divided into two stages. In this first stage, you will decide whether the conduct of (name defendant whose conduct may warrant punitive damages) is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second stage during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether in your discretion punitive damages will be assessed and, if so, the amount.

(2) Punitive damages generally:

Punitive damages are warranted if you find by the greater weight of the evidence that:
(1) the conduct causing [loss] [injury] [or] [damage] to (claimant) was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or
(2) the conduct showed such an entire lack of care that the defendant must have been consciously indifferent to the consequences; or
(3) the conduct showed such an entire lack of care that the defendant must have wantonly or recklessly disregarded the safety and welfare of the public; or
(4) the conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.
[You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]

(3)Direct liability for acts of managing agent, primary owner, or certain others:

If you find for (claimant) and against (defendant corporation or partnership), and you find also that the greater weight of the evidence shows that the conduct of (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superi- or’s fault) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against [her] [him] in accordance with the standards I have mentioned, then in your discretion you may also determine that punitive damages are warranted against (defendant corporation or partnership).
ft) Vicarious liability for acts of employee:
If you find for (claimant) and against (defendant employer), and you find also that (name employee) acted in such a manner as to warrant punitive damages, then if the greater weight of the evidence shows also that (defendant employer) was negligent and that such negligence contributed to (claimant’s) [loss] [injury] [or] [damage], you may determine that punitive damages are warranted against (defendant employer). If the greater weight of the evidence does not show such negligence by (defendant employer) independent of the conduct of (name employee), punitive damages are not warranted against (defendant employer).

b. Second stage of bifurcated punitive damage procedure:

(1) Opening instruction second stage:

The parties may now present additional evidence related to whether punitive damages should be assessed and, if so, in what amount. You should consider this additional evidence along with the evidence already presented, and you should decide any disputed factual issues by the greater weight of the evidence.
*1045 (2) Punitive damages — determination of amount:
You will now determine the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others. This amount would be in addition to the compensatoiy damages you have previously awarded. In making this determination, you should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances; [and]
[ (2) [the] [each] defendant’s financial resources; and] *
* Refer to Note On Use 4
[ (3) any other circumstance which may affect the amount of punitive damages.] *
* Refer to Note On Use 4
You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other(s) or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]

(S) Closing instruction second stage:

Your verdict on the issues raised by the punitive damages claim of (claimant) against (defendant) must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.
You will be given a form of verdict, which I shall now read to you:
When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.
NOTES ON USE TO PD 1
1. Upon timely motion, a demand for punitive damages, and determination of the issues raised by such a demand, must be submitted to the jury under the bifurcated procedure established in W.R. Grace & Co. v. Waters, 688 So.2d 502 (Fla.1994). The instructions found under PD 1 are intended to comply with the required bifurcated procedure. Absent a timely motion, punitive damage issues are to be decided under a non-bifurcated procedure, with the instructions found under PD 2.
2. PD la(l) and (2) are to be given in all cases. When the demand for punitive damages is based on the doctrines of either vicarious or direct liability, see, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995), PD la(l) and (2) should be given first if the person whose conduct may warrant punitive damages is a defendant from whom punitive damages are sought. That person should be named in PD la(l) and (2) where indicated. Then PD la(S) or PD la(4) should • be given in reference to the direct or vicarious liability of a corporate or partnership defendant. If the person whose conduct may warrant punitive damages is not a defendant, or punitive damages are not sought from that person, the order and content of the charge should be modified to give the substance of PD la(3) or PD la(4) first followed by PD la(l) and (2). In appropriate eases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995) (Wells, J., concurring). In those cases PD la(3) will need to be modified accordingly-
3. PD la(2) and PD lb(2) are designed for use in most common law tort eases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See, e.g., First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. *1046 See, e.g., Home Insurance Co. v. Owens, 573 So.2d 343, 346 (Fla. 4th DCA 1991).
4. Subparagraph (2) in PD lb(2) should only be used when evidence of a defendant’s financial worth is introduced. Subparagraph (3) in PD lb(2) should only be used after the court has made a preliminary determination that the relevant evidence includes some additional circumstance which may affect the amount of the punitive damage award. Sub-paragraph (3) in PD lb(2) recognizes the jury’s right to consider some additional circumstance which may affect the amount of the punitive damage award. One such circumstance is the assessment of punitive damages against the defendant in prior eases. W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Pending further developments in the law, the Committee takes no position on the relevance of other circumstances.
5. PD la(3) should be used when direct liability for punitive damages is based on the acts of a managing agent, primary owner, or another whose acts may be deemed the acts of the defendant. See Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995); Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 724 (Fla.1985); and Taylor v. Gunter Trucking Co., Inc., 520 So.2d 624 (Fla. 1st DCA 1988).
6. PD la(4) should be used in other cases, where a defendant’s vicarious liability for punitive damages requires additional proof of “some independent fault” by the principal. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548-49 (Fla.1981).
7. PD lb(l) is to be given as the preliminary instruction in the second stage of a bifurcated trial. PD lb(2) and (3) are to be given after presentation of evidence and closing argument in the second stage. If PD la(3) or (4) has previously been given in the first stage of the trial, the trial judge may elect to repeat, with modifications as necessary, portions of PD la(3) or (4) for the sake of clarity.
8. Depending upon the length of time between the first and second stages, the trial court may wish to precede these instructions with general instructions 2.1, 2.2, and 3.9.
9.The purpose of the instructions is not to allow parties to relitigate in the second stage of the bifurcated proceeding, by new evidence or by argument, the underlying question decided in the first stage of the proceeding of whether an award of punitive damages is warranted. Rather, the purpose of the instructions is to advise the jury that in the second stage of the proceeding, evidence may be presented and argued which will allow the jury in its discretion to determine the amount of an award of punitive damages and that the amount which the jury determines appropriate could be none.
COMMENT
PD la(4) is based on Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995). There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See, e.g., Knepper v. Genstar Corp., 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture); Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).
PD 2 Punitive Damages — Non—Bifurcated Procedure:

a. Punitive damages generally:

If you find for (claimant) and against defendant (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.
Punitive damages are warranted if you find that:
(1) the conduct causing [loss] [injury] [or] [damage] to (claimant) was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or
(2) the conduct showed such an entire lack of care that the defendant must have been consciously indifferent to the consequences; or
(3) the conduct showed such an entire lack of care that the defendant must *1047 have wantonly or recklessly disregarded the safety and welfare of the public; or
(4) the conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.
[You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]

b. Direct liability for acts of managing agent, primary owner, or certain others:

If you find for (claimant) and against (defendant corporation or partnership), and you find also that the greater weight of the evidence shows that the conduct of (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superi- or’s fault) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against [her] [him] in accordance with the standards I have mentioned, then in your discretion you may also determine that punitive damages are warranted against (defendant corporation or partnership).
c. Vicarious liability for acts of employee:
If you find for (claimant) and against (defendant employer), and you find also that (name employee) acted in such a manner as to warrant punitive damages, then if the greater weight of the evidence shows also that (defendant employer) was negligent and that such negligence contributed to (claimant’s) [loss] [injury] [or] [damage], you may determine that punitive damages are warranted against (defendant employer). If the greater weight of the evidence does not show such negligence by (defendant employer) independent of the conduct of (name employee), punitive damages are not warranted against (defendant employer).
d.Punitive damages — determination of amount:
In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances; [ (2) [the] [each] defendant’s financial resources; and] *
* Refer to Note On Use 3
[ (3) any other circumstance which may affect the amount of punitive damages.] *
* Refer to Note On Use 3
Any punitive damages you assess would be in addition to any compensatory damages you award. You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other(s) or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]
NOTES ON USE TO PD 2
1. When the demand for punitive damages is based on the doctrines of either vicarious or direct liability, see, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995), PD 2a should be given first if the person whose conduct may warrant punitive damages is a defendant from whom punitive damages are sought. That person should be named in PD 2a where indicated. Then PD 2b or 2c should be given in reference to the direct or vicarious liability of a corporate or partnership defendant. If the person whose conduct may warrant punitive damages is not a defendant, or punitive damages are not sought from that person, the order and content of the charge should be modified to give the substance of PD 2b or PD 2c first followed by PD 2a. In appropriate cases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d *1048 1158 (Fla.1995) (Wells, J., concurring). In those cases PD 2b will need to be modified accordingly.
2. PD 2a is designed for use in most common law tort eases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See, e.g., First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. See, e.g., Home Insurance Co. v. Owens, 573 So.2d 343, 346 (Fla. 4th DCA 1991).
3. Subparagraph (2) in PD 2d should only be used when evidence of a defendant’s financial worth is introduced. Subparagraph (3) in PD 2d should only be used after the court has made a preliminary determination that the relevant evidence includes some additional circumstance which may affect the amount of the punitive damage award. Sub-paragraph (3) in PD 2d recognizes the jury’s right to consider some additional circumstance which may affect the amount of the punitive damage award. One such circumstance is the assessment of punitive damages against the defendant in prior cases. W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Pending further developments in the law, the Committee takes no position on the relevance of other circumstances.
4. PD 2b should be used when direct liability for punitive damages is based on the acts of a managing agent, primary owner, or another whose acts may be deemed the acts of the defendant. See Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995); Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 724 (Fla.1985); and Taylor v. Gunter Trucking Co., Inc., 520 So.2d 624 (Fla. 1st DCA 1988).
5. PD 2c should be used in other eases, where a defendant’s vicarious liability for punitive damages requires additional proof of “some independent fault” by the principal. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548-49 (Fla.1981).
6.PD 2d should be given after the last of instructions PD 2a, 2b, or 2c that is given.
COMMENT
PD 2c is based on Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995). There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See, e.g., Knepper v. Genstar Corp., 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture); Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).
MODEL VERDICT FORMS FOR USE IN BIFURCATED PUNITIVE DAMAGE (PD 1) CASES

Verdict form 8.7(a) should be used in the first stage of the bifurcated trial prescribed by W.R. Grace & Co. v. Waters, 688 So.2d 502 (Fla. 1991). Verdict form 8.7(b) is used only if the jury determined in the first stage that punitive damages are warranted, and after the jury has received any additional evidence relevant to the amount of punitive damages in the second stage and has been given PD lb(l), (2) and (8).

8.7(a) Punitive Damage Liability — Stage One Determination:
Under the circumstances of this case, state whether punitive damages are warranted against:
(defendant) Yes No
(defendant) Yes No
Note: List only the defendant(s) whose conduct the Court has determined may warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue under PD la(8) or ft).
8.7(b) Amount of Punitive Damages — Stage Two Determination:
What is the total amount of punitive damages, if any, which you assess against defendants]?
(defendant) $
(defendant) $
*1049 If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages.

Note: List only the defendants) against whom the jury has determined, in the first stage of the bifurcated punitive damages trial, that punitive damages are warranted.

MODEL VERDICT FORM FOR USE IN NON-BIFURCATED PUNITIVE DAMAGE (PD 2) CASES

8.8 Punitive Damage Liability Determination and Amount:

Under the circumstances of this case, state whether punitive damages are warranted against:
(defendant) Yes No
(defendant) Yes No

Note: List only the defendant(s) whose conduct the Court has determined may warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue under PD 2b or 2c.

As to each defendant for whom you answered “yes,” what is the total amount of punitive damages, if any, which you find should be assessed against that defendant?
(defendant) $
(defendant) $
If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages.