PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish revisions and additions to the following Florida Standard Jury Instructions (Civil):
Miscellaneous Instruction 4.4 “Defamation: Causation and Damages”, subdivision g, “Punitive damages”: revision in the punitive damages instructions to be used in defamation cases.
Miscellaneous Instruction 6.1, “False Imprisonment,” page 4: revision to statement immediately prior to “Comments on MI 6.1.”
Miscellaneous Instruction 8, “Fraudulent Misrepresentation/Negligent Misrepresentation,” page 3: revision to “Note on Use.”
Miscellaneous Instruction 10, “Outrageous Conduct Causing Severe Emotional Distress,” subdivision f, “Damages”: delete “Punitive damages” portion of this subdivision, which begins on page 3 and ends on page 4, and delete “Editor’s Note” on page 4; add “Note on Use” prior to “Comments” section.
These changes are necessary because of the comprehensive revision of the instruction 6.12, “Punitive Damages,” which was previously approved by this Court and resulted in the publication of instruction PD 1, “Punitive *284 Damages — Bifurcated Procedure” and instruction PÍ) 2, “Punitive Damages — Non-Bifurcated Procedure.” See Standard Jury Instructions — Civil Cases, 689 So.2d 1042 (Fla.1997). The changes which have been made in these instructions are appended to this opinion and are necessitated by the changes made in the punitive damages instructions.
We authorize the publication of these revisions. In doing so we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The revised instruction is appended to this opinion and will be effective on the date this opinion is filed.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justicé, concur.'
APPENDIX
MI 4.4
DEFAMATION: CAUSATION AND DAMAGES

g. Punitive damages:

(1) Bifurcated procedure:

If you find for (claimant) and against defendant (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.
The trial of the punitive damages issue is divided into two stages. In this first stage, you will decide whether the conduct of (name defendant whose conduct may warrant punitive damages) is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second stage during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after' which you will decide whether in your discretion punitive damages will be assessed and, if so, the amount.

Standard if statement was on a matter of public concern: ■

Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement (defendant) knew the statement was false or had serious doubts as to its truth; and if the greater weight of the evidence shows that (defendant’s) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).

Standard if statement was not a matter of public concern:

Punitive damages are warranted if you find by the greater weight of the evidence that (defendant’s) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).
[You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant] :
Use PD 1(3) and (If) as necessary for direct and vicarious liability.

Use PD 1 b for second stage of bifurcated punitive damage procedure.

(2) Non-bifurcated procedure:

If you find for (claimant) and against (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as a punishment and as a deterrent to others.

Standard if statement was on a matter of public concern:

Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement (defendant) knew the statement was false or had serious doubts as to its truth; and if the greater weight of the evidence shows that (defendant’s) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).

Standard if statement was not a matter of public concern:

Punitive damages are warranted if you find by the greater weight of the evidence that (defendant’s) primary purpose in making *285 the statement was to indulge ill will, hostility, and an intent to harm (claimant).
[You may determine that punitive damages are warranted against one defendant and not the otherfs] or against more than one defendant]

Use PD 2 b and c as necessary for direct and vicarious liability.

Use PD 2 d for determination of amount of damages.

MI 6.1
FALSE IMPRISONMENT
MI 6.1, page 4

Punitive damages charge may be given as in PD Punitive Damages.

MI 8
FRAUDULENT MISREPRESENTATION NEGLIGENT MISREPRESENTATION
MI 8, page 3

Note on Use

In fraud cases where punitive damages are at issue, First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987), see PD Punitive Damages.
MI 10
OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS
Delete February 1997 Editor’s Note, the existing text following the title to the punitive damages instruction, and the existing Editor’s Note on page 4.

Punitive damages:

See PD Punitive Damages.