PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) petitions this Court to consider amendments to the Florida Standard Jury Instructions in Civil Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On August 29, 2003, the Committee filed a Supplemental Report (No. 03-02), proposing changes to current civil jury instruction PD Punitive Damages. Prior to submitting this report to the Court, the Committee published its proposal in the June 1, 2003 edition of The Florida Bar News. The Committee received and considered one comment prior to submitting its proposal to the Court.
The proposed revision is intended to address a deficiency in the current punitive damages instruction noted by the Fourth District Court of Appeal in Wransky v. Dalfo, 801 So.2d 239 (Fla. 4th DCA 2001). The following sentence is added to the instruction where appropriate: “[However, you may not award an amount that would financially destroy (defendant).]” Additionally, the Committee has proposed an accompanying note on use and several other minor revisions to this instruction.
Upon consideration of the Committee’s report, we hereby authorize the publication and use of the revised instruction as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that the notes and comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instruction as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
PD
PUNITIVE DAMAGES
PD 1 Punitive Damages — Bifurcated Procedure:

a. First stage of bifurcated punitive damages procedure:

[Text omitted — no changes to PD la are proposed]

b. Second stage of bifurcated punitive damage procedure:

(1) Opening instruction second stage:

The parties may now present additional evidence related to whether punitive damages should be assessed and, if so, in
*1165 what amount. You should consider this additional evidence along with the evidence already presented, and you should decide any disputed factual issues by the greater weight of the evidence.

(2) Punitive damages-determination of amount:

(a) Causes of action arising prior to October 1, 1999

You will now determine the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances; [and]
[ (2) [the] [each] defendant’s financial resources; and]*

*Refer to Note on Use 4

[ (3) (identify any other circumstance which that the .jury may affect consider in determining the amount of punitive damages.) ]*

*Refer to Note on Use -4- 10

[However, you may not award an amount that would financially destroy (defendant).]*

*Refer to Note on Use 11

You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]

(b) Causes of action arising on or after October 1, 1999

You will now determine the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances, including the following:
• whether the wrongful conduct was motivated solely by unreasonable financial gain;
• whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant];
• whether, at the time of [loss] [injury] [or] [damage], [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] had a specific intent to harm (claimant) and the conduct of [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] did in fact harm (claimant), [and]
[ (2) [the] [each] defendant’s financial resources; and]*

*Refer to Note on Use 4

[ (3) (identify any other circumstance which that the jury may affect consider in determining the amount of punitive damages.) ]*

*1166
*Refer to Note on Use -4- 10

[However, you may not award an amount that would financially destroy (defendant).]*

*Refer to Note on Use 11

You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]

(S) Closing instruction second stage:

Your verdict on the issues raised by the punitive damages claim of (claimant) against (defendant) must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.
You will be given a form of verdict, which I shall now read to you:
When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.
NOTES ON USE TO PD 1
1.Upon timely motion, a demand for punitive damages, and determination of the issues raised by such a demand, must be submitted to the jury under the bifurcated procedure established in W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). The instructions found under PD 1 are intended to comply with the required bifurcated procedure. Absent a timely motion, punitive damage issues are to be decided under a non-bifurcated procedure, with the instructions found under PD 2.
2. PD la(l) and (2) are to be given in all cases. When the demand for punitive damages is based on the doctrines of either vicarious or direct liability, see, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995), PD la(l) and (2) should be given first if the person whose conduct may warrant punitive damages is a defendant from whom punitive damages are sought. That person should be named in PD la(l) and (2) where indicated. Then PD la(3) or PD la(4) should be given in reference to the direct or vicarious liability of a corporate or partnership defendant. If the person whose conduct may warrant punitive damages is not a. defendant, or punitive damages are not sought from that person, the order and content of the charge should be modified to give the substance of PD la(3) or PD la(4) first followed by PD la(l) and (2). In appropriate cases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See, e.g., Schropp v. Crown Euro-cars, Inc., 654 So.2d 1158 (Fla.1995) (Wells, J., concurring). In those cases PD la(3) will need to be modified accordingly.
3. PD la(2) and PD lb(2) are designed for use in most common law tort cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See, e.g., First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. See, e.g., Home Insur *1167 ance Co. v. Owens, 573 So.2d 343, 346 (Fla. 4th DCA 1990).
4. Subparagraph (2) in PD lb(2) should only be used when evidence of a defendant’s financial worth is introduced. Sufe-paragraph (3)-in-PB lb(2)-shouId only-be used after the court has made-a-preliminary determination that the relevant-evidence includes some additional circumstance which may-affect the amount of the punitive-damage award. Subparagraph (3) in PD lb(2) recognizes the jury’s right-to consider — seme—additional—circumstance which-may affect-the amount of the punitive ■damage award, — One such circumstance -is- the assessment of punitive-damages-ag-ainst the defendant in prior-eases^ W.R-.- Grace & Co. v. Waters, 638 So:2d-5Q2 (Fla.l994); — Pending further developments in the law, the Committee-takes no-position on- the relevance of other circum-stancesr
5. PD la(3) should be used when direct liability for punitive damages is based on the acts of a managing agent, primary owner, or another whose acts may be deemed the acts of the defendant. See Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995); Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 724 (Fla.1985); and Taylor v. Gunter Trucking Co., Inc., 520 So.2d 624 (Fla. 1st DCA 1988).
6. PD la(4) should be used in other cases, where a defendant’s vicarious liability for punitive damages requires additional proof of “some [independent] fault” by the principal. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548-49 (Fla. 1981).
7. PD lb(l) is to be given as the preliminary instruction in the second stage of a bifurcated trial. PD lb(2) and (3) are to be given after presentation of evidence and closing argument in the second stage. If PD la(3) or (4) has previously been given in the first stage of the trial, the trial judge may elect to repeat, with modifications as necessary, portions of PD la(3) or (4) for the sake of clarity.
8. Depending upon the length of time between the first and second stages, the trial court may wish to precede these instructions with general instructions 2.1, 2.2, and 3.9.
9. The purpose of the instructions is not to allow parties to relitigate in the second stage of the bifurcated proceeding, by new evidence or by argument, the underlying question decided in the first stage of the proceeding of whether an award of punitive damages is warranted. Rather, the purpose of the instructions is to advise the jury that in the second stage of the proceeding, evidence may be presented and argued which will allow the jury in its discretion to determine the amount of an award of punitive damages, and that the amount which the jury determines appropriate could be zero.
10. Subparagraph (3) should be used only after the court has determined that the evidence includes some additional circumstance that may affect the amount of punitive damages. See, e.g., Owens-Coming Fiberglas Cory, v. Ballard, 749 So.2d 483 (Fla.1999)(listing various such factors). See generally BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). One such circumstance is the assessment of punitive damages against the defendant in prior cases. See W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994).
11. This instruction is to be given when requested by the defendant. See Wransky v. Dalfo, 801 So.2d 239 (Fla. 4th DCA 2001). It appears that this instruction can only be used when evidence of the defen *1168 dant’s net worth has been introduced. See Bould v. Touchette, 349 So.2d 1181 (Fla-1977); Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975). This instruction is not intended to supplant the court’s function in determining whether a verdict is constitutional. See BMW of North America v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The Committee notes that many reported decisions have used alternative terms such as “bankrupt” or “economically castigate” to describe this limitation, instead of or in addition to the term “financially destroy.” See, e.g., Lehman v. Spencer Ladd’s Inc., 182 So.2d 402 (Fla.1966); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). The Committee has selected the term “financially destroy” for its simplicity, but does not intend to foreclose the use of other legally valid terms where appropriate under the facts of the particular case.
COMMENT
PD la(4) is based on Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995). There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See, e.g., Knepper v. Genstar Corp., 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture); Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).
PD 2 Punitive Damages — Non Bifurcated Procedure:

a. Punitive damages generally:

[Text omitted — no changes to PD 2a are proposed]

b. Direct liability for acts of managing agent, primary owner, or certain others:

[Text omitted — no changes to PD 2b are proposed]

c. Vicarious liability for acts of employee or agent:

[Text omitted — no changes to PD 2c are proposed]
d. Punitive damages — determination of amount:

(1) Causes of action arising prior to October 1, 1999

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should decide any disputed factual issues by the greater weight of the evidence. “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case. You should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances;
[ (2) [the] [each] defendant’s financial resources; and]*

*Refer to Note On Use 3

[ (3) (identify any other circumstance which that the jury may affect consider in determining the amount of punitive damages.) ]*
*Refer to Note on Use 3 7
[However, you may not award an amount that would financially destroy (defendant).]*

*Refer to Note on Use 8

Any punitive damages you assess would be in addition to any compensatory damages you award. You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be *1169 assessed against different defendants in different amounts.]

(2) Causes of action arising on or after October 1, 1999

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should decide any disputed factual issues by the greater weight of the evidence. “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case. You should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances, including the following:
• whether the wrongful conduct was motivated solely by unreasonable financial gain;
• whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant];
• whether, at the time of [loss] [injury] [or] [damage], [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] had a specific intent to harm (claimant) and the conduct of [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] did in fact harm (claimant), [and]
[ (2) [the] [each] defendant’s financial resources; and]*

*Refer to Note on Use 3

[ (3) (identify any other circumstance which that the jury may affect consider in determining the amount of punitive damages.) ]*

*Refer to Note on Use 3 7

[However, you may not award an amount that would financially destroy (defendant).]*

*Refer to Note on Use 8

Any punitive damages you assess would be in addition to any compensatory damages you award. You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the otherfs] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]
NOTES ON USE TO PD 2
1. When the demand for punitive damages is based on the doctrines of either vicarious or direct liability, see, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995), PD 2a should be given first if the person whose conduct may warrant punitive damages is a defendant from whom punitive damages are sought. That person should be named in PD 2a where indicated. Then PD 2b or 2c should be given in reference to the direct or vicarious liability of a corporate or partnership defendant. If the person whose conduct may warrant punitive damages is not a defendant, or punitive damages are not sought from that person, the order and content of the charge should be modified to give the substance of PD 2b or PD 2c first followed by PD 2a. In appropriate cases a corporate policy can provide the basis for punitive damages against a corpo *1170 ration even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995) (Wells, J., concurring). In those cases, PD 2b will need to be modified accordingly.
2. PD 2a is designed for use in most common law tort cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See, e.g., First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. See, e.g., Home Insurance Co. v. Owens, 573 So.2d 343, 346 (Fla. 4th DCA 1991).
3. Subparagraph (2) in PD 2d should only be used when evidence of a defendant’s financial worth is introduced. Sub-paragraph (3) in PD 2d should only be used after the court has made a preliminary determination that the relevant evidence includes some additional circumstance which may affect the amount of the punitive damage award. Subparagraph (3) in PD 2d recognizes the jury’s right to consider some additional circumstance which may affect the amount of the punitive damage award. One such circumstance is the assessment of punitive damages against the defendant in prior cases. W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Pending further developments in the law, the Committee takes no position on the relevance of other circumstances.
4. PD 2b should be used when direct liability for punitive damages is based on the acts of a managing agent, primary owner, or another whose acts may be deemed the acts of the defendant. See Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995); Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 724 (Fla.1985); Taylor v. Gunter Trucking Co., Inc., 520 So.2d 624 (Fla. 1st DCA 1988).
5. PD 2c should be used in other cases, where a defendant’s vicarious liability for punitive damages requires additional proof of “some independent fault” by the principal. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548-49 (Fla.1981).
6. PD 2d should be given after the last of instructions PD 2a, 2b, or 2c that is given.
7. Subparagraph (3) should be used only after the court has determined that the evidence includes some additional circumstance that may affect the amount of punitive damages. See, e.g., Owens-Coming Fiberglas Corp. v. Ballard, 749 So.2d 483 (Fla.1999)(listing various such factors). See generally BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). One such circumstance is the assessment of punitive damages against the defendant in prior cases. See W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994).
8. This instruction is to be given when requested by the defendant. See Wransky v. Dalfo, 801 So.2d 239 (Fla. 4th DCA 2001). It appears that this instruction can only be used when evidence of the defendant’s net worth has been introduced. See Bould v. Touchette, 349 So.2d 1181 (Fla.1977); Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975). This instruction is not intended- to supplant the court’s function in determining whether a verdict is constitutional. See BMW of North America v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The Committee notes that many reported decisions *1171 have used alternative terms such as “bankrupt” or “economically castigate” to describe this limitation, instead of or in addition to the term “financially destroy” See, e.g., Lehman v. Spencer Ladd’s Inc., 182 So.2d 402 (Fla.1966); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). The Committee has selected the term “financially destroy” for its simplicity, but does not intend to foreclose the use of other legally valid terms where appropriate under the facts of the particular case.
COMMENT
PD 2c is based on Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995). There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See, e.g., Knepper v. Genstar Corp., 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture); Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).