727 So.2d 1075 (1999)
Bleau STEPHANOS, Petitioner,
v.
Richard Charles PAINE, Respondent.
No. 98-3103.
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
Daniel M. Le Vay and Eric R. Hoecker of The Law Offices of Figueroa, Gonzalez & Hoecker, West Palm Beach, for petitioner.
Michael J. Burley, Tequesta, for respondent.
WARNER, J.
Contrary to the provisions of section 768.72, Florida Statutes (1997), the respondent filed a second amended complaint claiming punitive damages without first obtaining leave of court. When the petitioner moved *1076 to dismiss the complaint for failure to follow the statutory procedures, the trial court denied the motion, believing there was no need to go through the formality of an evidentiary hearing when the respondent had filed an affidavit supporting his claim. In this ruling, the trial court departed from the essential requirements of law. See Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996); Mayer v. Frank, 659 So.2d 1254, 1255 (Fla. 4th DCA 1995); see also WFTV, Inc. v. Hinn, 705 So.2d 1010, 1011 (Fla. 5th DCA 1998). As the supreme court stated in Simeon:
[i]n this case, the plaintiffs did not comply with the procedures of this section. We agree with Judge Peterson's dissent that to comply with the statute's requirements, a plaintiff must obtain leave from the trial court to amend the complaint before punitive damages may be asserted. At that point, the trial court must make a determination that there is a reasonable basis for the recovery of punitive damages. Simeon, 655 So.2d at 159 (Peterson, J., dissenting); see also Kraft General Foods, 635 So.2d at 110. It was inconsequential that the trial court in this case subsequently held a hearing on the motions to dismiss and to strike: any punitive damages claim alleged prior to a party asking for and receiving leave of the court must be dismissed or stricken. See id.

671 So.2d at 160. The petition for writ of certiorari is granted, and the order denying the motion to dismiss is quashed. The second amended complaint is dismissed with leave to move the court to amend the original complaint to assert a claim for punitive damages in accordance with the procedure of section 768.72.
GUNTHER and HAZOURI, JJ., concur.