797 So.2d 1199 (2001)
STANDARD JURY INSTRUCTIONS-CIVIL CASES (NO. 00-2).
No. SC00-2515.
Supreme Court of Florida.
July 5, 2001.
Honorable Peter D. Webster, Chair, Supreme Court Committee on Standard Jury Instructions (Civil), Tallahassee, FL, for Petitioner.
PER CURIAM.
The Committee on Standard Jury Instructions (Civil) petitions this Court to amend the Standard Jury Instructions in Civil Cases. We have jurisdiction. Art. V, § 2(a), Fla. Const.; Fla. R. Civ. P. 1.985.
The committee published its proposed amendments for comment in The Florida Bar News and no comments were received. Upon consideration, we hereby authorize for publication and use the proposed amendments as set forth in the appendix attached to this opinion. The amendments replace Jury Instruction PD, "Punitive Damages," and Model Verdict Forms 8.7(a), 8.7(b), and 8.8.
In authorizing publication, we caution all interested persons that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. We express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these *1200 instructions. The amendments shall be effective when this opinion becomes final. We wish to express our appreciation to the committee for its dedication in presenting to the Court its recommendations.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

PD

PUNITIVE DAMAGES
These instructions are intended for use in the majority of punitive damages cases. They may not be applicable in cases involving a defendant acting under the influence of drugs or alcohol. See Fla. Stat. s. 768.736 (1999). Likewise, these instructions may not be applicable in cases involving child abuse, abuse of the elderly, or abuse of the developmentally disabled or any civil action arising under chapter 400. See Fla. Stat. s. 768.735 (1999).
PD 1 Punitive DamagesBifurcated Procedure
a. First stage of bifurcated punitive damages procedure
(1) Introduction
(2) Punitive damages generally
(a) Causes of action arising prior to October 1, 1999
(b) Causes of action arising on or after October 1, 1999
(3) Direct liability for acts of managing agent, primary owner, or certain others
(a) Causes of action arising prior to October 1, 1999
(b) Causes of action arising on or after October 1, 1999
(4) Vicarious liability for acts of employee or agent
(a) Causes of action arising prior to October 1, 1999
(b) Causes of action arising on or after October 1, 1999
b. Second stage of bifurcated punitive damages procedure
(1) Opening instruction second stage
(2) Punitive damagesdetermination of amount
(a) Causes of action arising prior to October 1, 1999
(b) Causes of action arising on or after October 1, 1999
(3) Closing instruction second stage
PD 2 Punitive DamagesNon-Bifurcated Procedure
a. Punitive damages generally
(1) Causes of action arising prior to October 1, 1999
(2) Causes of action arising on or after October 1, 1999
b. Direct liability for acts of managing agent, primary owner, or certain others
(1) Causes of action arising prior to October 1, 1999
(2) Causes of action arising on or after October 1, 1999
c. Vicarious liability for acts of employee or agent
(1) Causes of action arising prior to October 1, 1999
(2) Causes of action arising on or after October 1, 1999
d. Punitive damagesdetermination of amount
(1) Causes of action arising prior to October 1, 1999
(2) Causes of action arising on or after October 1, 1999

*1201 PD

PUNITIVE DAMAGES
PD 1 Punitive DamagesBifurcated Procedure:

a. First stage of bifurcated punitive damages procedure:

(1) Introduction:
If you find for (claimant) and against defendant (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.
The trial of the punitive damages issue is divided into two stages. In this first stage, you will decide whether the conduct of (name defendant whose conduct may warrant punitive damages) is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second stage during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether in your discretion punitive damages will be assessed and, if so, the amount.

(2) Punitive damages generally:

(a) Causes of action arising prior to October 1, 1999
Punitive damages are warranted if you find by clear and convincing evidence that:
(1) the conduct causing [loss] [injury] [or] [damage] to (claimant) was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or
(2) the conduct showed such an entire lack of care that the defendant must have been consciously indifferent to the consequences; or
(3) the conduct showed such an entire lack of care that the defendant must have wantonly or recklessly disregarded the safety and welfare of the public; or
(4) the conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.
[You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]
"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

(b) Causes of action arising on or after October 1, 1999
Punitive damages are warranted if you find by clear and convincing evidence that (name person whose conduct may warrant punitive damages) was personally guilty of intentional misconduct or gross negligence. "Intentional misconduct" means that (name person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to (claimant) would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. *1202 "Gross negligence" means that the conduct of (name person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

(3) Direct liability for acts of managing agent, primary owner, or certain others:

(a) Causes of action arising prior to October 1, 1999
If you find for (claimant) and against (defendant corporation or partnership), and you find also that clear and convincing evidence shows that the conduct of (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior's fault) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against [her][him] in accordance with the standards I have mentioned, then in your discretion you may also determine that punitive damages are warranted against (defendant corporation or partnership).

(b) Causes of action arising on or after October 1, 1999
If you find for (claimant) and against (defendant corporation or partnership), and you find also that clear and convincing evidence shows that (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior's fault) was personally guilty of intentional misconduct or gross negligence which was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against [her][him] in accordance with the standards I have mentioned, then in your discretion you may also determine that punitive damages are warranted against (defendant corporation or partnership). "Intentional misconduct" means that (name person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to (claimant) would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of (name person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

(4) Vicarious liability for acts of employee or agent:

(a) Causes of action arising prior to October 1, 1999
If you find for (claimant) and against (defendant employer/principal), and you find also that (name employee/agent) acted in such a manner as to warrant punitive damages, then if clear and convincing evidence shows also that (defendant employer/principal) was negligent and that such negligence contributed to (claimant's) [loss] [injury] [or] [damage], *1203 you may also determine that punitive damages are warranted against (defendant employer/principal). If clear and convincing evidence does not show such negligence by (defendant employer/principal) independent of the conduct of (name employee/agent), punitive damages are not warranted against (defendant employer/principal).

(b) Causes of action arising on or after October 1, 1999
If you find for (claimant) and against (defendant employer/principal/corporation/ or other legal entity), and you find also that (name employee/agent) was personally guilty of intentional misconduct or gross negligence which was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against (name employee/agent), then in your discretion you may also determine that punitive damages are warranted against (defendant employer/principal/corporation/or other legal entity) if you find that clear and convincing evidence also shows that:
 (defendant employer/principal/corporation/or other legal entity) actively and knowingly participated in such conduct of (name employee/agent); or
 the [officers] [directors] [or] [managers] of (defendant employer/principal/corporation/or other legal entity) knowingly condoned, ratified, or consented to such conduct of (name employee/agent); or
 (defendant employer/principal/corporation/or other legal entity) engaged in conduct that constituted gross negligence and that contributed to the [loss] [damage] [or] [injury] suffered by (claimant).
"Intentional misconduct" means that (name person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to (claimant) would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of (name person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

b. Second stage of bifurcated punitive damage procedure:

(1) Opening instruction second stage:
The parties may now present additional evidence related to whether punitive damages should be assessed and, if so, in what amount. You should consider this additional evidence along with the evidence already presented, and you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

(2) Punitive damagesdetermination of amount:

(a) Causes of action arising prior to October 1, 1999
You will now determine the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances; [and]

*1204 [(2)[the] [each] defendant's financial resources; and]*
*Refer to Note on Use 4

[(3) any other circumstance which may affect the amount of punitive damages.]*
*Refer to Note on Use 4
You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]

(b) Causes of action arising on or after October 1, 1999
You will now determine the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances, including the following:
 whether the wrongful conduct was motivated solely by unreasonable financial gain;
 whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant];
 whether, at the time of [loss] [injury] [or] [damage], [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] had a specific intent to harm (claimant) and the conduct of [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] did in fact harm (claimant), [and]
[(2)[the] [each] defendant's financial resources; and]*
*Refer to Note on Use 4

[(3) any other circumstance which may affect the amount of punitive damages.]*

*Refer to Note on Use 4

You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]

(3) Closing instruction second stage:
Your verdict on the issues raised by the punitive damages claim of (claimant) against (defendant) must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.
Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.
You will be given a form of verdict, which I shall now read to you:
*1205 When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.

NOTES ON USE TO PD 1
1. Upon timely motion, a demand for punitive damages, and determination of the issues raised by such a demand, must be submitted to the jury under the bifurcated procedure established in W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). The instructions found under PD 1 are intended to comply with the required bifurcated procedure. Absent a timely motion, punitive damages issues are to be decided under a non-bifurcated procedure, using the instructions found in PD 2.
2. PD 1a(1) and (2) are to be given in all cases. When the demand for punitive damages is based on the doctrines of either vicarious or direct liability, see, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995), PD 1a(1) and (2) should be given first if the person whose conduct may warrant punitive damages is a defendant from whom punitive damages are sought. That person should be named in PD 1a(1) and (2) where indicated. Then PD 1a(3) or PD 1a(4) should be given in reference to the direct or vicarious liability of a corporate or partnership defendant. If the person whose conduct may warrant punitive damages is not a defendant, or punitive damages are not sought from that person, the order and content of the charge should be modified to give the substance of PD 1a(3) or PD 1a(4) first followed by PD 1a(1) and (2). In appropriate cases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995) (Wells, J., concurring). In those cases, PD 1a(3) will need to be modified accordingly.
3. PD 1a(2) and PD 1b(2) are designed for use in most common law tort cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See, e.g., First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. See, e.g., Home Insurance Co. v. Owens, 573 So.2d 343, 346 (Fla. 4th DCA 1990).
4. Subparagraph (2) in PD 1b(2) should only be used when evidence of a defendant's financial worth is introduced. Subparagraph (3) in PD 1b(2) should only be used after the court has made a preliminary determination that the relevant evidence includes some additional circumstance which may affect the amount of the punitive damage award. Subparagraph (3) in PD 1b(2) recognizes the jury's right to consider some additional circumstance which may affect the amount of the punitive damage award. One such circumstance is the assessment of punitive damages against the defendant in prior cases. W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Pending further developments in the law, the Committee takes no position on the relevance of other circumstances.
5. PD 1a(3) should be used when direct liability for punitive damages is based on the acts of a managing agent, primary owner, or another whose acts may be deemed the acts of the defendant. See Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995); Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Winn-Dixie Stores, Inc. v. *1206 Robinson, 472 So.2d 722, 724 (Fla.1985); Taylor v. Gunter Trucking Co., Inc., 520 So.2d 624 (Fla. 1st DCA 1988).
6. PD 1a(4) should be used in other cases, where a defendant's vicarious liability for punitive damages requires additional proof of "some [independent] fault" by the principal. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548-49 (Fla. 1981).
7. PD 1b(1) is to be given as the preliminary instruction in the second stage of a bifurcated trial. PD 1b(2) and (3) are to be given after presentation of evidence and closing argument in the second stage. If PD 1a(3) or (4) has previously been given in the first stage of the trial, the trial judge may elect to repeat, with modifications as necessary, portions of PD 1a(3) or (4) for the sake of clarity.
8. Depending upon the length of time between the first and second stages, the trial court may wish to precede these instructions with general instructions 2.1, 2.2, and 3.9.
9. The purpose of the instructions is not to allow parties to relitigate in the second stage of the bifurcated proceeding, by new evidence or by argument, the underlying question decided in the first stage of the proceeding of whether an award of punitive damages is warranted. Rather, the purpose of the instructions is to advise the jury that in the second stage of the proceeding, evidence may be presented and argued which will allow the jury in its discretion to determine the amount of an award of punitive damages, and that the amount which the jury deems appropriate could be zero.

COMMENT
PD 1a(4) is based on Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995). There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See, e.g., Knepper v. Genstar Corp., 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture); Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).
PD 2 Punitive DamagesNon Bifurcated Procedure:

a. Punitive damages generally:
If you find for (claimant) and against defendant (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

(1) Causes of action arising prior to October 1, 1999
Punitive damages are warranted if you find by clear and convincing evidence that:
(1) the conduct causing [loss] [injury] [or] [damage] to (claimant) was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or
(2) the conduct showed such an entire lack of care that the defendant must have been consciously indifferent to the consequences; or
(3) the conduct showed such an entire lack of care that the defendant must have wantonly or recklessly disregarded the safety and welfare of the public; or
(4) the conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.
[You may determine that punitive damages are warranted against one defendant *1207 and not the other[s] or against more than one defendant.]
"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

(2) Causes of action arising on or after October 1, 1999
Punitive damages are warranted if you find by clear and convincing evidence that (name person whose conduct may warrant punitive damages) was personally guilty of intentional misconduct or gross negligence. "Intentional misconduct" means that (name person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to (claimant) would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of (name person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

b. Direct liability for acts of managing agent, primary owner, or certain others:

(1) Causes of action arising prior to October 1, 1999
If you find for (claimant) and against (defendant corporation or partnership), and you find also that clear and convincing evidence shows that the conduct of (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior's fault) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against [her][him] in accordance with the standards I have mentioned, then in your discretion you may also determine that punitive damages are warranted against (defendant corporation or partnership).

(2) Causes of action arising on or after October 1, 1999
If you find for (claimant) and against (defendant corporation or partnership), and you find also that the clear and convincing evidence shows that (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior's fault) was personally guilty of intentional misconduct or gross negligence which was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against [her][him] in accordance with the standards I have mentioned, then in your discretion you may also determine that punitive damages are warranted against (defendant corporation or partnership). *1208 "Intentional misconduct" means that (name person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to (claimant) would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of (name person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

c. Vicarious liability for acts of employee or agent:

(1) Causes of action arising prior to October 1, 1999
If you find for (claimant) and against (defendant employer/principal), and you find also that (name employee/agent) acted in such a manner as to warrant punitive damages, then if clear and convincing evidence shows also that (defendant employer/principal) was negligent and that such negligence contributed to (claimant's) [loss] [injury] [or] [damage], you may determine that punitive damages are also warranted against (defendant employer/principal). If clear and convincing evidence does not show such negligence by (defendant employer/principal) independent of the conduct of (name employee/agent), punitive damages are not warranted against (defendant employer/principal).

(2) Causes of action arising on or after October 1, 1999
If you find for (claimant) and against (defendant employer/principal/corporation/ or other legal entity), and you find also that (name employee/agent) was personally guilty of intentional misconduct or gross negligence which was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages against (name employee/agent), then in your discretion you may also determine that punitive damages are warranted against (defendant employer/principal/corporation/or other legal entity) if you find that clear and convincing evidence also shows that:
 (defendant employer/principal/corporation/or other legal entity) actively and knowingly participated in such conduct of (name employee/agent); or
 the [officers] [directors] [or] [managers] of (defendant employer/principal/corporation/or other legal entity) knowingly condoned, ratified, or consented to such conduct of (name employee/agent); or
 (defendant employer/principal/corporation/or other legal entity) engaged in conduct that constituted gross negligence and that contributed to the [loss] [damage] [or] [injury] suffered by (claimant).
"Intentional misconduct" means that (name person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to (claimant) would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of (name person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

d. Punitive damagesdetermination of amount:

*1209 (1) Causes of action arising prior to October 1, 1999

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. You should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances;
[(2)[the] [each] defendant's financial resources; and]*
*Refer to Note on Use 3
[(3) any other circumstance which may affect the amount of punitive damages.]*

*Refer to Note on Use 3
Any punitive damages you assess would be in addition to any compensatory damages you award. You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]

(2) Causes of action arising on or after October 1, 1999
In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. You should consider the following:
(1) the nature, extent and degree of misconduct and the related circumstances, including the following:
 whether the wrongful conduct was motivated solely by unreasonable financial gain;
 whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant];
 whether, at the time of [loss] [injury] [or] [damage], [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] had a specific intent to harm (claimant) and the conduct of [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] did in fact harm (claimant), [and]
[(2)[the] [each] defendant's financial resources; and]*
*Refer to Note on Use 3
[(3) any other circumstance which may affect the amount of punitive damages.]*

*Refer to Note on Use 3
Any punitive damages you assess would be in addition to any compensatory damages you award. You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one *1210 defendant. Punitive damages may be assessed against different defendants in different amounts.]

NOTES ON USE TO PD 2
1. When the demand for punitive damages is based on the doctrines of either vicarious or direct liability, see, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995), PD 2a should be given first if the person whose conduct may warrant punitive damages is a defendant from whom punitive damages are sought. That person should be named in PD 2a where indicated. Then PD 2b or 2c should be given in reference to the direct or vicarious liability of a corporate or partnership defendant. If the person whose conduct may warrant punitive damages is not a defendant, or punitive damages are not sought from that person, the order and content of the charge should be modified to give the substance of PD 2b or PD 2c first followed by PD 2a. In appropriate cases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See, e.g., Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995) (Wells, J., concurring). In those cases, PD 2b will need to be modified accordingly.
2. PD 2a is designed for use in most common law tort cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See, e.g., First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. See, e.g., Home Insurance Co. v. Owens, 573 So.2d 343, 346 (Fla. 4th DCA 1991).
3. Subparagraph (2) in PD 2d should only be used when evidence of a defendant's financial worth is introduced. Subparagraph (3) in PD 2d should only be used after the court has made a preliminary determination that the relevant evidence includes some additional circumstance which may affect the amount of the punitive damage award. Subparagraph (3) in PD 2d recognizes the jury's right to consider some additional circumstance which may affect the amount of the punitive damage award. One such circumstance is the assessment of punitive damages against the defendant in prior cases. W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Pending further developments in the law, the Committee takes no position on the relevance of other circumstances.
4. PD 2b should be used when direct liability for punitive damages is based on the acts of a managing agent, primary owner, or another whose acts may be deemed the acts of the defendant. See Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995); Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 724 (Fla.1985); Taylor v. Gunter Trucking Co., Inc., 520 So.2d 624 (Fla. 1st DCA 1988).
5. PD 2c should be used in other cases, where a defendant's vicarious liability for punitive damages requires additional proof of "some independent fault" by the principal. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548-49 (Fla.1981).
6. PD 2d should be given after the last of instructions PD 2a, 2b, or 2c that is given.

COMMENT
PD 2c is based on Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995). There may be situations other than employer-employee *1211 relationships where vicarious liability for punitive damages may be imposed. See, e.g., Knepper v. Genstar Corp., 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture); Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).

MODEL VERDICT FORMS FOR USE IN BIFURCATED PUNITIVE DAMAGE (PD 1) CASES
Verdict form 8.7(a) should be used in the first stage of the bifurcated trial prescribed by W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Verdict form 8.7(b) is used only if the jury determined in the first stage that punitive damages are warranted, and after the jury has received any additional evidence relevant to the amount of punitive damages in the second stage and has been given PD 1b(1), (2) and (3).
8.7(a) Punitive Damage LiabilityStage One Determination:
Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against:
(defendant) Yes ____No ____
(defendant) Yes ____No ____
Note: List only the defendant(s) whose conduct the Court has determined may warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue under PD 1a(3) or (4).
8.7(b) Amount of Punitive Damages Stage Two Determination:
(1) Causes of action arising prior to October 1, 1999
What is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against defendant[s]?
(defendant) $________
(defendant) $________
If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages.
Note: List only the defendant(s) against whom the jury has determined, in the first stage of the bifurcated punitive damages trial, that punitive damages are warranted.
(2) Causes of action arising on or after October 1, 1999
What is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against defendant[s]?
(defendant) $________
(defendant) $________
Note: List only the defendant(s) against whom the jury has determined, in the first stage of the bifurcated punitive damages trial, that punitive damages are warranted.
If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages, and sign and date the verdict form.
[If you have assessed punitive damages, the law requires you to answer the following questions:]
[At the time of [loss] [injury] [or] [damage] to (claimant), did [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] have a specific intent to harm (claimant) and did the conduct of [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions *1212 on behalf of the defendant] in fact harm (claimant)?
(defendant) Yes ____No ____
(the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant)
 Yes ____No ____]
[Was the wrongful conduct of [defendant] [the managing agent, director, officer or other person responsible for making policy decisions on behalf of the defendant] motivated solely by unreasonable financial gain and was the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, actually known by [defendant][the managing agent, director, officer or other person responsible for making policy decisions on behalf of the defendant]?
(defendant) Yes ____No ____
(the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant)
 Yes ____No ____]

NOTE ON USE TO MODEL VERDICT FORM FOR PD1
1. In punitive damages cases, the jury is required to apply a clear and convincing standard to determine liability and a greater weight of the evidence standard to determine the amount of damages. In order to minimize jury confusion, the relevant burden of proof is specified for these questions. The Committee does not recommend that the burden of proof be stated on the verdict form in other types of cases not involving this unique situation.

MODEL VERDICT FORM FOR USE IN

NON-BIFURCATED PUNITIVE DAMAGE (PD 2) CASES
8.8 Punitive Damage Liability Determination and Amount:

(a) Causes of action arising prior to October 1, 1999
Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against:
(defendant) Yes ____No ____
(defendant) Yes ____No ____
Note: List only the defendant(s) whose conduct the Court has determined may warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue under PD 2b or 2c.
As to each defendant for whom you answered "yes," what is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against that defendant?
(defendant) $_______
(defendant) $_______
If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages.

(b) Causes of action arising on or after October 1, 1999
Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against:
(defendant) Yes ____No ____
(defendant) Yes ____No ____

Note: List only the defendant(s) whose conduct the Court has determined may *1213 warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue under PD 2b or 2c.

If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages, and sign and date the verdict form.
[If you have assessed punitive damages, the law requires you to answer the following questions:]
[At the time of [loss] [injury] [or] [damage] to (claimant), did [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] have a specific intent to harm (claimant) and did the conduct of [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] in fact harm (claimant)?
(defendant) Yes ____No ____
(the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant)
 Yes ____No ____]
[Was the wrongful conduct of [defendant] [the managing agent, director, officer or other person responsible for making policy decisions on behalf of the defendant] motivated solely by unreasonable financial gain and was the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, actually known by [defendant][the managing agent, director, officer or other person responsible for making policy decisions on behalf of the defendant]?
(defendant) Yes ____No ____
(the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant)
 Yes ____No ____]

NOTE ON USE TO MODEL VERDICT FORM FOR PD2
1. In punitive damages cases, the jury is required to apply a clear and convincing standard to determine liability and a greater weight of the evidence standard to determine the amount of damages. In order to minimize jury confusion, the relevant burden of proof is specified for these questions. The Committee does not recommend that the burden of proof be stated on the verdict form in other types of cases not involving this unique situation.