795 So.2d 1133 (2001)
MUNROE REGIONAL HEALTH SYSTEMS, INC. et al., Petitioners,
v.
The ESTATE OF Gustl J. GONZALES, etc., et al., Respondents.
No. 5D01-2331.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
*1134 Thomas L. Schieffelin, Robin D. Black and Jennifer L. Phillips, of Hill, Adams, Hall & Schieffelin, P.A., Orlando, for Petitioners.
No Appearance for Respondents.
PLEUS, J.
Petitioners and defendants Munroe Regional Health Systems, Inc., and Big Sun Health Care Systems, Inc., seek certiorari review of the trial court's order granting the plaintiffs' motion for leave to amend their complaint to add a claim for punitive damages. Because the court's order is not reviewable by certiorari, we summarily dismiss the petition.
Petitioners mainly argue that the trial court "misinterpreted the relationship of Petitioners in the alleged action to any wrongdoers and misapplied the standard used to determine the findings necessary to sustain a motion to amend for punitive [damages]." It is evident that petitioners' arguments ultimately take issue with the sufficiency of the evidence that was proffered in support of the punitive damages claim. An appellate court has certiorari jurisdiction to review only whether the trial court has conformed with the procedural requirements of section 768.72, Florida Statutes, in allowing a punitive damages claim; the court does not have certiorari jurisdiction to determine whether there is sufficient evidence to allow a punitive claim. Ortega v. Silva, 712 So.2d 1148 (Fla. 4th DCA 1998). See also Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). Compare Stephanos v. Paine, 727 So.2d 1075 (Fla. 4th DCA 1999) (trial court departed from essential requirements of law by failing to dismiss amended complaint claiming punitive damages filed without first obtaining leave of court).
The trial court followed the procedural requirements of section 768.72, Florida Statutes (2000). In accordance with the statute, respondent properly sought leave of court, by filing a motion for leave to amend the complaint, to add a claim for punitive damages, and then proffered evidence in support of its punitive damages claim at the hearing on its motion. The petition for writ of certiorari is dismissed.
DISMISSED.
PETERSON, J., concurs.
COBB, J. concurs specially, with opinion.
COBB, J., concurring specially.
I am compelled to concur because of Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). However, I agree with Justice Anstead's dissent in Globe that certiorari should be available to review whether the plaintiff has established a preliminary evidentiary basis for a punitive damages claim. See § 768.72, Fla. Stat. Otherwise, the defendant is subject to improper financial discovery without any effective appellate review. His substantive right against such an intrusion therefore becomes illusory.