PLEUS, J.
Petitioners/defendants, Delta Healthcare Group, Inc., et al., seek certiorari review of the trial court’s order granting the plaintiffs motion for leave to amend her complaint to add a claim for punitive damages. Because the court’s order is not reviewable by certiorari, we dismiss the petition.
An appellate court has certiorari jurisdiction to review only whether the trial court has conformed with the procedural requirements of section 768.72, Florida Statutes (2001), in allowing a punitive damages claim; the court does not have certiorari jurisdiction to determine whether there is sufficient evidence to allow a punitive claim. See Munroe Regional Health Systems, Inc. v. Estate of Gustl J. *858 Gonzales, 795 So.2d 1133 (Fla. 5th DCA 2001). See also, Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). Compare Stephanos v. Paine, 727 So.2d 1075 (Fla. 4th DCA 1999) (trial court departed from essential requirements of law by failing to dismiss amended complaint claiming punitive damages filed without first obtaining leave of court).
Section 768.72 states, “[i]n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which will provide a reasonable basis for recovery of such damages.” In the instant case, the claimant sought leave of court by filing a motion for leave to amend the complaint to add a claim for punitive damages. She then proffered evidence at a hearing in support of her punitive damages claim. After hearing the proffer, the trial court found the proffer sufficient to allow the punitive damages claim. Therefore, the procedural requirements of section 768.72 were met in this case.
It is evident that petitioners’ arguments ultimately take issue with the sufficiency of the evidence that was proffered in support of the punitive damages claim. We note that the trial judge found the proffer to be “thin.” However, we are precluded from addressing the sufficiency of the evidence by the Florida Supreme Court’s decision in Globe.
We write, however, to emphasize our agreement with Judge Cobb’s special concurrence in Gonzales wherein he wrote:
[Cjertiorari should be available to review whether the plaintiff has established a preliminary evidentiary basis for a punitive damages claim. See § 768.72, Fla. Stat. Otherwise, the defendant is subject to improper financial discovery without any effective appellate review. His substantive right against such an intrusion therefore becomes illusory.
Gonzales, 795 So.2d 1133.
The petition for writ of certiorari is dismissed.
DISMISSED.
THOMPSON, C.J., concurs.
SHARP, W., J., concurs in result only.