PALMER, J.
Massey Services petitions for certiorari review of the trial court’s order permitting Kevin and Abby Brown to amend their complaint in order to add a punitive damage claim. Finding that the trial court complied with the procedural requirements for adding a punitive damage claim, we deny the petition.
Before a party can assert a claim for punitive damages, the trial court must determine that a reasonable basis for the claim exists. See § 768.72, Fla. Stat. (1999). In Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), the Florida Supreme Court held that appellate courts possess certiorari jurisdiction to review whether a trial court has conformed with the procedural requirements of section 768.72, but not to review the court’s determination that the claimant demonstrated a reasonable basis for recovery of such damages. Based upon this case law, Massey’s petition must be denied. Although Massey contends that the procedural requirements of section 768.72 were not complied with because the Browns failed to proffer any evidence in support of their motion to amend, the motion to amend was heard at the same time as Massey’s motion for summary judgment and, in responding to the motion for summary judgment, the Browns presented their arguments as to the evidence available in the record which supported a claim of punitive damages. The trial court determined that the Browns made a sufficient showing to allow a claim for punitive damages and we cannot review that decision by certiorari proceedings.[1]
PETITION DENIED.
SHARP, W. and ORFINGER, R.B., JJ„ concur.

. Although we are compelled to deny this petition based upon the Globe Newspaper-case, Justice Anstead’s dissent therein, as well as Judge Cobb’s concurring opinion in Munroe Reg’l Health Systems, Inc. v. Estate of Gonzales, 795 So.2d 1133 (Fla. 5th DCA *309 2001), persuasively argue that certiorari should be available to review whether the plaintiff has sufficiently established a preliminary evidentiary basis to assert a punitive damage claim.