GRIFFIN, J.
Petitioner, Parker, Landerman and Parker, P.A., [“The Parker Firm”], defendant in a legal malpractice action, seeks certio-rari review of an order which allowed the plaintiff, William D. Riccard [“Riccard”], to amend his complaint to state a claim for punitive damages, apparently predicated on alleged errors and omissions during its representation of Riccard.[1] The trial court conducted a hearing on Riccard’s motion. Riccard’s counsel argued that information learned through discovery supported the punitive damage claim. The Parker Firm asserted that the judge previously assigned to the case had correctly denied an identical motion, and Riccard’s counsel was not relying on any new information. After the hearing, the trial judge allowed the punitive damages claim to be added.
Section 768.72(1), Florida Statutes (2003), creates a substantive right not to be subjected to a punitive damage claim or *1044 financial worth discovery until a trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages. A district court of appeal possesses certiorari jurisdiction to review whether the trial court has conformed with the procedural requirements of the statute but cannot review the trial court’s decision to grant leave to amend the complaint once the procedural requirements have been followed. See Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). See also Massey Services, Inc. v. Brown, 801 So.2d 307 (Fla. 5th DCA 2001); Delta Health Group, Inc. v. Jackson, 798 So.2d 857 (Fla. 5th DCA 2001).
Here, no procedural error appears. The certiorari petition is based on the contention that the facts in the record do not support a claim for punitive damages. This is the type of issue that this court cannot review by certiorari.
PETITION DENIED.
SAWAYA, C.J., and PLEUS, J., concur.

. The basis for the punitive damage claim appears to center on allegations that petitioners undertook Riccard's representation while under a conflict of interest and intentionally mishandled his litigation.