IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BREVARD ACHIEVEMENT CENTER, INC.,

      Petitioner,

 v.                                               Case No.  5D18-468

LAUREN C. CAMP, INDIVIDUALLY AND
AS GUARDIAN ADVOCATE OF E.L.F.,

      Respondent.

_____/

Opinion filed August 31, 2018

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
Stephen R. Koons, Judge.

Angela C. Flowers, of Kubicki Draper,
P.A., Ocala, for Petitioner.

Arnold R. Ginsberg, of Arnold R. Ginsberg,
P.A., Miami, and S. Sammy Cacciatore,
Of Nance, Cacciatore, Hamilton, Barger,
Nance & Cacciatore, Melbourne, for
Respondent.

WALLIS, J.

      Petitioner, Brevard Achievement Center, Inc., seeks certiorari review of an order

granting Respondent, Lauren C. Camp, leave to amend her complaint to include a claim

for punitive damages. Because the trial court departed from the essential requirements

of the law when it evaluated Respondent's punitive damages claim, we grant the petition and quash the order in question.

Petitioner, a non-profit corporation, operates a facility providing services to persons with developmental disabilities. Respondent, the guardian advocate of E.L.F., a person with developmental disabilities and a client of Petitioner, alleges that Petitioner failed to protect E.L.F. from sexual abuse that occurred on its premises. Respondent later sought leave to amend the complaint to include a claim for punitive damages, and the trial court granted the motion. Petitioner argues that the trial court erred in allowing the amendment because it applied the wrong legal standard when it evaluated the punitive damages claim. We agree.

"Certiorari review is available to determine whether the trial court complied with all applicable requirements and analysis before granting a motion to amend pleadings to assert claims for punitive damages." Varnedore v. Copeland, 210 So. 3d 741, 744 (Fla. 5th DCA 2017) (citing Globe Newspaper Co. v. King, 658 So. 2d 518, 520 (Fla. 1995); Tilton v. Wrobel, 198 So. 3d 909, 910 (Fla. 4th DCA 2016); Munroe Reg'l Health Sys., Inc. v. Estate of Gonzales, 795 So. 2d 1133, 1134 (Fla. 5th DCA 2001)).

"[A]pplicable statutes and controlling judicial precedent" govern the legal standard with which to assess a claim for punitive damages based on abuse of the developmentally disabled. § 768.735(1), Fla. Stat. (2018). Florida's developmental disabilities statutory scheme, chapter 393, Florida Statutes, does not provide for punitive damages. See generally Ch. 393, Fla. Stat. (2018). Therefore, judicial precedent, holding that gross negligence is the standard necessary to sustain a claim for punitive damages, controls. See Carraway v. Revell, 116 So. 2d 16, 20 n.12 (Fla. 1959) ("The character of negligence

2

necessary to sustain an award of punitive damages must be of 'a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects . . . wantonness or recklessness . . . .'").

Instead of applying gross negligence when evaluating Respondent's punitive damages claim, the trial court blended standard negligence and the statutory requirements applicable to nursing homes, chapter 400, Florida Statutes (2018).[1] This blended standard is evident in the trial court's finding that: (1) Petitioner's employees "engaged in conduct to create a 'foreseeable zone of risk' and 'the law generally will recognize a duty placed upon the defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that risk poses'"; and (2) Petitioner "ratified or condoned the conduct of the employees through control and oversight of day to day policies, procedures, and operations."

This was error because Petitioner's facility does not fall under the purview of chapter 400, and the degree of negligence required to support a claim for punitive damages, in the context of abuse of the developmentally disabled, is far greater than standard negligence. See § 400.021(7), Fla. Stat. (2018) (defining "facility" as a place that cares for those with an illness, physical infirmity, or advanced age); see also Carraway, 116 So. 2d at 20 n.12. Under these circumstances, the trial court departed from the essential requirements of the law by applying this blended standard, subjecting Petitioner

---

[1] Under Chapter 400, "[a] defendant may be held liable for punitive damages only if . . . defendant actively and knowingly participated in intentional misconduct or engaged in conduct that constitutes gross negligence." § 400.0237(2), Fla. Stat. (2018). Moreover, in the context of vicarious liability, the employer may only be liable for punitive damages "if [it] condoned, ratified, or consented to the specific conduct." Id. § 400.0237(3).

3

to harm that cannot be remedied in a later plenary appeal.[2] <u>See</u> § 768.735, Fla. Stat. (2018); <u>Carraway</u>, 116 So. 2d at 20 n.12; <u>see also</u> <u>King</u>, 658 So. 2d at 520. Accordingly, we grant the petition and quash the order in question.

PETITION GRANTED, ORDER QUASHED, and REMANDED for Further Proceedings.

ORFINGER and BERGER, JJ., concur.

---

[2] As the plaintiff below seeks to obtain punitive damages from a corporate defendant, the standard established in <u>Schropp v. Crown Eurocars, Inc.</u>, 654 So. 2d 1158, 1161 (Fla. 1995), must also be established by a proffer of admissible evidence.